We've set the clock back, and you may begin again. Thank you, Your Honor. I think there are two things to discuss. The first is, what does the CARES Act and Rule 43 require in terms of consent? And then the second, is there consent in the record? I want to start with the second, actually, because I think that's relatively clear-cut. Mr. Howell's consent is not in the record. The government has suggested that some things may have happened outside of the record. But even that, I think the most you could infer from what happened was that Mr. Howell's lawyer was okay with going forward with videoconferencing. There's nothing to indicate that Mr. Howell himself consented to proceed by videoconference. Well, didn't the court inform Howell on September 3rd that the hearing could only proceed by videoconference if he consented to that? And this is his consent to that evidence. And, you know, in the motion seeking that video hearing, and in his appearance at the hearing. I don't think you can infer awareness from the court's comments. What the court says is that this will be video sentencing. We need a CARES Act order. Do I have the defendant's consent? And then we don't hear from his counsel. We don't hear from him. What we do get just a day later is an order entered by the court that says on the defendant's motion. We don't know if he made the motion, if his lawyer made the motion, if his lawyer talked to him before making a motion, if there was any. And so that thing gets into the legal question, well, whose consent do we need? The text of the CARES Act makes it pretty clear that we have two different entities between the defendant and his counsel. Because the text of the law says videoconferencing may only occur with the consent of the defendant after consultation with counsel. And so you compare the text of the CARES Act with, for example, the Magistrate's Act that says the consent of the parties or the interstate agreement on detainers, which says either counsel or the prisoner. Congress in the CARES Act clearly wanted the defendant's personal consent and not just the consent or acquiescence of his lawyer. Are you arguing that consent cannot be established through, you know, the motion, the filing of the motion? And that the court has to obtain an express consent at the start of the sentencing hearing, or does there need to be a preliminary video hearing to allow the defendant verbally express consent to the judge for the sentencing video hearing? What, you know, what are the parameters? What the record needs to show us is the defendant personally consented. Now, the way that this works with arraignments, which in the rules are permitted by videoconferences, you first appear at your arraignment, that's your first appearance. And so at that point, the judge will say, do I have your consent to go forward by video? The defendant says yes, and that's fine, that's satisfactory. One way that a lot of courts have been doing it during the pandemic is having the defendant execute a written waiver before sentencing, and so the court knows we're on solid ground. But, and you could orally waive it before sentencing at a preliminary hearing, as you suggest. But the important thing is that it has to be the defendant's personal consent. You could do it by a motion. There's no motion in this record, though. The district court said the defendant moved, but there was no motion. And maybe his lawyer did. Certainly a lawyer can move for a certain relief on behalf of her client. But that's not the defendant's personal consent. And that's what we need, because otherwise proceeding by videoconference on a felony sentencing is not authorized by the law. And so if you're watching... Can I ask you what Mr. Howell's present status is, and how he might benefit from an in-person visit with Judge Feinerman? Well, he's currently subject to a term of supervised release. He appears to be in violation of those terms of supervised release. He was ordered to reside at the Salvation Army Center in Chicago. And I take it he left that center. There was a court date set, I think in July, that he failed to appear for, and so there's a bench warrant out for him. In terms of benefit, I mean, he would like an in-person resentencing. Now, maybe that's not wise, given the circumstances. It's hard to see how it would help. Actually, it sounds like he doesn't want to be back in court. Right. Right. Well, and, you know, it raises the question of the Fugitive Disentitlement Doctrine. I hesitate to say that that should apply here. The government hasn't asked for it to apply here. But what we really do have and what I think probably would be presented to the court on a remand for resentencing is Mr. Howell has severe mental health issues. Those have been present throughout the case. He was found incompetent at one point. He was ordered restored to competency through medication. But now that he's not incarcerated, of course, that's a bit harder to do. It seems to be a case where we have real mental health issues that are interfering with his ability to make decisions that are in his best interest. And I think that that would be presented to Judge Finerman. But, yeah, at this point, you know, he wanted to be resentenced in person. He wanted to make those arguments in person. You can read his allocution. I think the district court took a dim view of it, said that the lawyer had made a better argument, and he had undone all of it by allocation. But that's his right. You know, he has the right to present the defense and the story that he wants to tell to the district court. And federal law gives him the opportunity to tell it in person. And, of course, he can waive that under the CARES Act with his consent. But his consent's not on the record. That's the point here. So the wisdom of a remand for resentencing, I've talked to Mr. Howell about that. He wants to go forward with it. So we think in light of the lack of... Wait. You've talked to him? I haven't talked to him recently. Oh, okay. Yeah. But, you know, in terms of what he would like to do, he would like to be able to be sentenced for the one count of conviction in person. He wasn't able to do that even though he didn't give his consent to be sentenced over the one count of conviction. So we would ask that the court vacate the sentence under the remand for resentencing. Thank you. Thank you, Mr. Henderson. Ms. Kostanek. Hi. Hi. Good morning. And may it please the court, Andreana Kostanek on behalf of the United States. The defendant consented to being sent by videoconference as permitted by the CARES Act and as reflected in the written order that was entered by the district court prior to sentencing. At a status hearing before the sentencing, the district court specifically advised the defendant that it could only move forward with a video sentencing with the defendant's consent. In response to the court's statements, the parties drafted an agreed order reflecting that the defendant indeed wanted to proceed by video in order to have an expeditious sentencing. This made sense in the context of his case. This court had vacated one of his convictions, remanded the case for resentencing, and he already was at time served on that remaining conviction. And the agreed order reflecting the defendant's wishes as articulated by counsel was entered by the district court prior to sentencing and reflected the defendant's express wishes. Nothing more is required from the CARES Act. Unlike some other or some federal rules of criminal procedure that require express consent by the defendant or addressing the defendant personally under oath, the CARES Act requires neither. It only requires consent of the defendant after consultation with counsel, which was satisfied in this case. The record is clear that the defendant wished to proceed. He also was present, even if not legally present, for sentencing. He was present on the video conference. And had there been some sort of misunderstanding between him and the court or him and counsel as to whether he wanted a video sentencing, he had the opportunity to raise that issue and to make that misunderstanding known. And at no point did he indicate during his participation in that proceeding that he wished instead to have an in-person proceeding after the pandemic had concluded. This procedure comported with the CARES Act. And if there are no questions from the court, the government would ask that this court affirm. Do either of you have any questions? I do not, Judge Rovner. Thank you. Mr. Henderson, you have some time. Thank you, Ms. Kastanek. I just wanted to address what the government said about presence. My colleague just said that Mr. Howell was present by video conference. I think that that's why he was not voluntarily absent under Rule 43. So to the extent that the court needs to reach that question, we've explained in our briefs why voluntary absence is not the same thing as presence at a video conference and resentencing. And I think the government's comments support that understanding of Rule 43 that video conference presence is not voluntary absence. Unless there's anything further, though, I will conclude. That's it? That's it. Oh, gosh. What are we going to do with this extra time? All right. Thank you all very much. Thank you. Case will be taken under advisement.